**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **v.** | § | **CR. No. C-09-892** |
| | § | **(C.A. No. C-10-275)** |
| **CARLOS RICO-SOTO,** | § | |
| | § | |
| **Defendant/Movant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET**</u>
<u>**ASIDE, OR CORRECT SENTENCE AND DENYING A**</u>
<u>**CERTIFICATE OF APPEALABILITY**</u>

On August 16, 2010, the Clerk received Movant Carlos Rico-Soto's (Rico-Soto) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, along with his Argument in Support. D.E. 33, 34. The government filed its Motion for Summary Judgment, Alternatively, Response and Motion to Dismiss including a motion to expand the record. D.E. 46, 47. The motion to expand the record is GRANTED. Rico-Soto filed a Reply. D.E. 49. For the reasons set forth herein, Rico-Soto's § 2255 motion (D.E. 33) is DENIED, and he is DENIED a Certificate of Appealability.

## I.  <u>JURISDICTION</u>

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL BACKGROUND AND PROCEEDINGS

### A.  **Summary of Offense**

Rico-Soto was arrested in September 2009 after he was stopped for a traffic violation on U.S. highway 77 near Driscoll, Texas. D.E. 1. While stopped, Border Patrol agents requested permission

to search his pickup truck, which Rico-Soto granted. Approximately 13.42 kilograms of cocaine was found in a non-factory compartment above the transmission. Rico-Soto was arrested.

After his arrest, Rico-Soto was advised of his Miranda rights and gave a statement to Drug Enforcement agents. Id. He admitted that he was transporting cocaine and had been provided the vehicle, which was registered in his name, by an unidentified Hispanic man who approached him at his job in Mexico. Id.

**B.      Criminal Proceedings**

Two days after his arrest, Rico-Soto was brought before a federal Magistrate Judge, informed of the charges against him, and appointed counsel. D.E. 2, 4. He was detained pending trial. D.E. 6. Retained counsel then replaced appointed counsel. D.E. 8. The indictment issued in October 2009 charging Rico-Soto with possession with intent to distribute more than 5 kilograms, approximately 13.43 (gross) kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).

Counsel filed a motion to suppress Rico-Soto's statement and the cocaine, along with other pretrial motions for discovery, for exculpatory evidence and others. D.E. 17-23. On November 23, 2009, Rico-Soto signed a Memorandum of Plea Agreement with the government. D.E. 24. He was rearraigned the same day. Minute Entry, November 23, 2009, D.E. 40.

At rearraignment the Court confirmed that Rico-Soto had been given a copy of the indictment and that his counsel read it to him in Spanish and explained it. D.E. 40 at 7. Rico-Soto testified that he understood the charges against him and that he was satisfied with counsel's services up to that point. Id. at 8. Rico-Soto testified that he signed the plea agreement voluntarily, was not forced to sign it, nor did anyone offer him anything, other than the terms of the agreement, to sign the agreement. Id.

Rico-Soto further testified that he had been read the terms of the plea agreement in Spanish and he understood it. Id. at 9. The Court reviewed the waiver of appeal and the waiver of his right to file a motion pursuant to 28 U.S.C. § 2255. Rico-Soto acknowledged that he was aware of the waivers, had discussed them with his attorney, and did not have any questions about the waivers. Id. at 9-10. The Court advised Rico-Soto that he was subject to deportation. Id. at 11.

The Court advised Rico-Soto that the penalty range for his crime was "not less than 10 years nor more than life, and a fine not to exceed four million dollars, and at least five years of supervised release, and a one hundred dollar special assessment, and the community restitution provision." Id. at 11-12. Rico-Soto testified he understood. Id. at 12.

The government recited the facts, which included a net weight of 11.9 kilograms and 70% purity for the cocaine. Rico-Soto admitted the facts were correct and then pled guilty. Id. at 20-21.

The Court ordered a Presentence Investigation Report (PSR). D.E. 25. The PSR calculated Rico-Soto's base offense level based upon 11.09 kilograms of cocaine at 32, less 2 points for safety valve pursuant to U.S.S.G. § 5C1.2 (1)-(5) (Safety Valve). D.E. 28 at ¶ 13.[1] Three additional points were subtracted for acceptance of responsibility for a total offense level of 27.  Id. at ¶¶ 18, 21. Rico-Soto had no criminal history. Id. at ¶ 24. The Guideline sentencing range was 70-87 months and application of safety valve allowed sentencing below the statutory minimum sentence of 10 years. Id. at ¶¶ 36-37. Counsel filed objections (D.E. 26), to which the government responded. D.E. 27.

Sentencing was held in February 2010. During sentencing, the Court reviewed the objections Rico-Soto filed to the PSR. D.E. 26. The objections included an assertion of eligibility for safety valve and for a role reduction. The government responded to the objection that Rico-Soto should get

---

[1]      There is a small discrepancy between the amount of cocaine to which Rico-Soto admitted at his rearraignment, 11.9 kilograms, with the amount used to calculate his Guideline range of 11.09. The difference makes no difference in the sentence calculation. The applicable range for § 2D1.1(c)(4) is 5-15 kilograms of cocaine.

a role reduction and after considering the filings and arguments of counsel, the Court overruled the objection to lack of role reduction. D.E. 42 at 6-7. Rico-Soto apologized to the Court, admitted his conduct was wrong, and asked forgiveness for having violated the laws of this country and forgiveness from his own family.  Id. at 9. Rico-Soto was sentenced to 70 months imprisonment, 4 years supervised release, no fine, and a special assessment of $100. Id. at 10-11. Judgment was entered on February 22, 2010.

Rico-Soto did not appeal his sentence, but filed this timely motion pursuant to 28 U.S.C. § 2255.

## III.   MOVANT'S ALLEGATIONS

Rico-Soto brings several claims of ineffectiveness of counsel: 1) counsel rushed him into pleading guilty and induced him into entering a guilty plea, 2) counsel failed to seek downward departure based upon a role adjustment as a minor participant, and 3) counsel misadvised him of the amount of time he was facing. D.E. 34 at 2-4. Additionally, Rico-Soto alleges that he should be given a downward departure because he is being housed in a private facility, not within the Bureau of Prisons, and the conditions of his imprisonment are less favorable. Id. At 4-5.

## IV.   ANALYSIS

### A.      28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

**B.     Ineffective Assistance of Counsel**

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th

5

Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**C.      Waiver of Right to File § 2255 Motion**

Rico-Soto suggests that his claim that counsel rushed him and induced him to plead guilty prevents enforcement of the waivers in his plea agreement, but his claims of ineffective assistance do not automatically relieve him of his waivers. See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In White, the Court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently." Id. at 343 (internal citations omitted).

Rico-Soto's claim that counsel rushed him at rearraignment is contradicted by the record. This Court specifically questioned Rico-Soto as to his understanding of the proceedings, his understanding of the plea agreement including the waiver of appeal and § 2255 rights. Rico-Soto testified that his counsel had explained the agreement to him before he signed it, that he was satisfied with counsel's efforts, and that he wished to plead guilty. D.E. 40 at 7-10.

Rico-Soto's worn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Rico-Soto's sworn statements preclude the relief he seeks here. He was not coerced, he understood the charges against him, he understood the trial rights he was giving up, he understood the possible maximum

sentence he faced, and understood the waiver of his appellate and post-conviction rights.  Because Rico-Soto's waiver was knowing and voluntary, Rico-Soto gave up the rights he now seeks to assert. The Court does not reach the merits of Rico-Soto's claims because they fall within the scope of his waiver. See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

**D.      Claim to Minor or Minimal Role**

Even if Rico-Soto had not given up his right to challenge his conviction, his claim that his counsel was ineffective for failing to urge a downward departure based upon minor role would fail. Counsel filed and argued an objection on minor role which was overruled by this Court. D.E. 42 at 6-7. Counsel was not ineffective. This claims fails both by waiver and on the merits.

**E.      Claim that Counsel Misadvised Rico-Soto on Sentencing Exposure**

Rico-Soto claims that counsel "misdavised" him as to his sentencing exposure, but does not state what sentence counsel told him he was likely to receive. At arraignment, Rico-Soto was informed of the charges against him and the possible sentence o 10 years to life, supervised release, fines, and a special assessment. ERO 10/22/2009 at 10:07:32/08:00. Rico-Soto was again advised of the sentencing range at rearraignment before he plead guilty. D.E. 40 at 11-12. At both hearings, Rico-Soto advised the Court that he understood. Rico-Soto was sentenced to less than the statutory minimum because he qualified for a safety valve reduction. Even if counsel incorrectly advised Rico-Soto, there can be no prejudice because the Court advised Rico-Soto of his sentencing exposure on two separate occasions before his guilty plea. See Armstead, 37 F.3d at 210 ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"). Even if this claim had not been waived by his plea agreement, it fails on the merits.

**F.     Complaint Regarding Conditions of Incarceration**

Rico-Soto also complains that he is housed in a private facility contracted to the BOP which subjects him to over-crowding, does not provide work opportunities, and is harsher than incarceration within the BOP. His complaint is both that he cannot benefit from any time reductions available to inmates at BOP facilities and that the BOP does not have the authority to out source his placement. He contends that the Court may grant him a downward departure based on the conditions of his confinement.

As an initial matter, the Bureau of Prisons has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . ").

Next, Rico-Soto does not complain that counsel should have requested a downward departure on this basis but that the Court should now, in light of his current circumstances, downwardly depart. This Court does not have the authority to modify a final sentence except in very limited circumstances which are not present here. Rico-Soto has waived his challenge by the terms of his plea agreement and by his failure to establish cause and prejudice as required. This claim fails.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rico-Soto has not yet filed a notice of appeal, the § 2255 Rules instruct

this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that MOVANT is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Rico-Soto's motion to vacate, set aside or correct sentence pursuant

to 28 U.S.C. § 2255 (D.E.33) is **DENIED**. He is also denied a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 25th day of August, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE