IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-09-892 |
| | § | (C.A. No. C-10-275) |
| CARLOS RICO-SOTO, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION FOR RELIEF FROM JUDGMENT, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING MOTION FOR FEDERAL SENTENCE DISPARITY**

Pending before the Court are Defendant Carlos Rico-Soto's motion for reconsideration of this Court's dismissal of his motion to vacate and his motion to federal sentence disparity. D.E. 52, 53. He seeks relief from this Court's final judgment dated August 25, 2011. D.E. 50, 51 and requests the Court to modify his sentence.

Rico-Soto does not identify the legal basis for the relief he seeks in his motion for reconsideration. This Court construes the motion as one brought pursuant to Rule 59(e). A movant may file a post-trial motion seeking relief from a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure within 28 days from judgment. Fed. R. Civ. P. 59. The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules" according to Rule 12 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2011). Rico-Soto's motion is timely pursuant to Rule 59(e) as it was placed in the mail within 28 days of the final judgment.

In many instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Williams v. Thaler,

602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). Similarly, Rico-Soto's "Motion to a Federal Sentence Disparity," asks for post-conviction modification of his sentence.

Rico-Soto asserts two bases for his motion for reconsideration, first, that his lawyer during the original proceedings told him that he would receive a sentence of only a few months and second, because he is an illegal alien, he is being housed in an immigration facility and does not have the opportunity to earn time off his sentence as he would if he were housed in the Bureau of Prisons. In Rico-Soto's second motion, he again claims that his sentence should be modified to take into account the harsher consequences to an illegal alien than to a citizen from the conditions of incarceration. These issues are the same issues that this Court considered and ultimately rejected in the Memorandum Opinion and Order of August 25, 2011.

"A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez, 545 U.S. at 532. A movant who "asserts that a previous ruling . . .was in error" makes a habeas corpus claim." Id. at n.4. Rico-Soto's claims for relief from judgment were previously raised in his § 2255 proceedings (D.E. 33 at 5 (imprisonment harsher) and 34 at 2 (counsel misrepresented his sentencing exposure)) and are reasserted as a basis for a more favorable judgment. The grounds asserted in both motions are second or successive claims. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

2

>evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Rico-Soto's motions do not indicate that he has sought or obtained such permission. Accordingly, his motion for reconsideration (D.E. 52) and his second motion (D.E. 53) are DISMISSED as second or successive.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. Ochoa Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold that . . . a COA is not required to appeal the denial of a Rule 60(b) motion applies only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Rico-Soto has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

The Court finds that Rico-Soto cannot establish at least one of the <u>Slack</u> criteria. Accordingly, Rico-Soto is not entitled to a COA as to his claims.

## CONCLUSION

Rico-Soto's motion for reconsideration (D.E. 52) and his motion to a federal sentence disparity (D.E. 53) are **DISMISSED** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 13th day of October, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE